IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-80,453-01 & -02




EX PARTE WILLIAM GREGORY DALE, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 09-194-CR-A & 09-202-CR-A 
IN THE 77TH DISTRICT COURT FROM FREESTONE COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. 09-194-CR-A, Applicant
was convicted of aggravated sexual assault of a child and was sentenced to fifteen years’
imprisonment. In Cause No. 09-202-CR-A, Applicant was convicted of indecency with a child and
was sentenced to six years’ imprisonment. Applicant’s convictions were affirmed in Dale v. State,
10-11-00380-CR and 10-11-00381-CR (Tex. App.–Waco April 18, 2012). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance of
counsel. Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make the following findings of fact and conclusions of law: (1) whether
trial counsel was deficient for failing to object to the alleged incorrect statements in the CPS report;
(2) whether trial counsel was deficient for not impeaching CPS Investigator Michelle Miller’s
testimony and report; (3) whether trial counsel was deficient for failing to call Rance Moore as a
witness for the defense; (4) whether trial counsel was deficient for failing to seek a continuance to
obtain the testimony of Applicant’s father who was hospitalized at the time of trial; and (5) whether
trial counsel was deficient for failing to object to the prosecutor’s closing argument that implied that
Applicant assaulted his niece. The trial court shall make findings of fact and conclusions of law as
to whether the performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: November 27, 2013
Do not publish